IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILL SCHBERT, PLAINTIFF | ) | 1:25-cv-01421-JPH-TAB |
| | ) | |
| IN RE: STORM LOSS FOR | ) | |
| FORZA N PALAFOX ST LLC | ) | |
| | ) | |
| And | ) | |
| | ) | |
| FORZA 4809 N PALAFOX ST LLC | ) | |
| | ) | |
| Intervenor Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AXIS SURPLUS INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND
OF DEFENDANT AXIS SURPLUS INSURANCE COMPANY
TO INTERVENOR PLAINTIFF'S COMPLAINT FOR DAMAGES**

Defendant, AXIS SURPLUS INSURANCE COMPANY ("Defendant"), by its undersigned attorneys Foran Glennon Palandech Ponzi Rudloff P.C., and for its Answer, Affirmative Defenses and Jury Demand to Intervenor's Complaint for Damages, states:

**ANSWER TO INTERVENOR PLAINTIFF'S COMPLAINT FOR DAMAGES**

1. Forza 4809 N Palafox, LLC, also known as Forza N Palafox LLC, is an Indiana limited liability company with its principal place of business in Indiana.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, the same are denied.**

2. AXIS Surplus Insurance Company is authorized to do business in the State of Indiana.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 2.**

3. This Court has jurisdiction. Forza is domiciled in this State. The insurance contract was formed, paid, and delivered within this State through an insurance agency in Shelbyville, Indiana. (*See* Exhibits, 1, 3, 4, 5, previously filed on December 10, 2024).

**ANSWER:** **Paragraph 3 states a legal conclusion with respect to the state court in the removed action to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in of Paragraph 3.**

4. Indiana law applies to the insurance policy. The general rule is that the state in which application is made, the premium paid, and policy delivered is the place where the contract is entered into. *Travelers Ins. Co. v Eviston*, 37 NE2d 310, 313 (Ind. App. 1941); and *see Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Standard Fusee Corp.*, 940 N.E.2d 810 (Ind.2010)(applying Maryland law to an insurance policy issued in Maryland for a property in Indiana).

**ANSWER:** **Paragraph 4 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

5. This Court previously appointed an insurance umpire.

**ANSWER:** **Defendant denies the allegations of Paragraph 5 except as specifically admitted. Defendant acknowledges that with respect to the state court in the removed action previously appointed an insurance umpire pursuant to the Petition filed by non-party Will Schubert, but Defendant denies the legal validity of said petition and appointment, and denies that Defendant is liable to Plaintiff.**

6. Indiana law applies to this action.

**ANSWER:** **Paragraph 6 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant does not possess knowledge sufficient to form a belief as the truth of the allegations contained in this paragraph, and therefore, the same are denied.**

7. On June 16, 2023, Forza sustained wind damage to its commercial property.

**ANSWER:** **Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, the same are denied.**

8. The property was insured under policy number ESC111660 issued by Axis with effective dates from October 5, 2022 to October 5, 2023. (Ex. 1, filed December 10, 2024).

**ANSWER:** **Defendant denies the allegations contained in Paragraph 8 except as specifically admitted. Defendant admits that it issued a property insurance policy bearing policy number ESC111660 to Forza 4809 N Palafox St LLC with original effective dates of October 5, 2022 to October 5, 2023, which policy is subject to all of its terms, definitions, conditions, exclusions and limitations. Defendant denies that Intervenor Plaintiff has fully and accurately set forth the provisions of the Policy, denies that the subject property was listed as an insured property under the Policy, and denies that Defendant is liable to Intervenor Plaintiff.**

9. Axis assigned claim number AWAX23060031.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 9.**

10. A dispute arose regarding the extent and cause of the damage.

**ANSWER:** **Paragraph 10 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

11. On January 25, 2024, Forza initiated the appraisal process under the policy terms and nominated an appraiser. (Ex. 7, filed December 10, 2024).

**ANSWER:** **Paragraph 11 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in of Paragraph 11. Defendant denies that Intervenor Plaintiff has fully and accurately set forth provisions of the Policy, and denies that Defendant is liable to Intervenor Plaintiff.**

12. Axis refused to nominate an appraiser, preventing the appraisal from proceeding.

**ANSWER:** **Paragraph 12 states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

13. Forza changed its appraiser nomination to Will Schubert. (Ex. 2, filed December 10, 2024).

**ANSWER:** **Defendant denies the allegations contained in Paragraph 13 except as specifically admitted. Defendant denies that a document labeled Exhibit 2 was**

**filed in the state court in the removed action and denies the legal validity of said nomination.**

14. Will Schubert, the nominated appraiser for Forza, filed a Petition to Appoint an Umpire, as allowed under the policy.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 14 except as specifically admitted. Defendant admits that non-party Will Schubert filed a Petition to Appoint an Umpire in the state court in the removed action, however, Defendant denies the legal validity of said petition. Defendant denies that Plaintiff has fully and accurately set forth the terms and conditions of the Policy, and denies that it is liable to Intervenor Plaintiff.**

15. The Court appointed Jon Linville to serve as the insurance umpire.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 14 except as specifically admitted. Defendant admits that the state court in the removed action appointed Jon Linville insurance umpire, but Defendant denies the legal validity of said appointment, and denies that it is liable Intervenor Plaintiff.**

16. Jon Linville and Will Schubert signed an appraisal award for $100,488.35 as the amount of loss from the wind damage sustained on June 16, 2023.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 15 except as specifically admitted. Defendant admits that Jon Linville and Will Schubert signed a document entitled "Appraisal Award", but Defendant denies the legal validity of said Appraisal Award, and denies that it is liable to Intervenor Plaintiff.**

17. Exhibit 1 is a true and accurate copy of the appraisal award.

**ANSWER:** **Defendant does not possess knowledge sufficient to form a belief as the truth of the allegations contained in Paragraph 16, and therefore, the same are denied.**

18. Forza has already replaced the property in an amount that exceeds the appraisal award.

**ANSWER:** **Defendant does not possess knowledge sufficient to form a belief as the truth of the allegations contained in Paragraph 17, and therefore, the same are denied.**

19. Defendant never requested a proof of loss.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 15 except as specifically admitted. Defendant admits that it has not requested a proof of loss from Intervenor Plaintiff, but reserves the right to do so under the terms and conditions of the Policy.**

20. Plaintiff(s) complied with the terms and conditions of its Policy.

**ANSWER:** **Paragraph 20 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

WHEREFORE, Defendant AXIS SURPLUS INSURANCE COMPANY prays that Intervenor Plaintiff take nothing by way of its Complaint for Damages, for its costs of this action and for all other proper relief in the premises.

## COUNT I – BREACH OF CONTRACT

1. Forza reincorporates all allegations as if fully set forth herein.

**ANSWER:** **Defendant restates and incorporates by reference all of its preceding answers and responses set forth to Paragraphs 1 through 20 above as though fully set forth in Paragraph 1 herein.**

2. Defendant was required to nominate an insurance appraiser pursuant to the Appraisal clause in the policy. (Ex. 1, p. 32, filed December 10, 2024)

**ANSWER:** **Paragraph 2 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said the allegations.**

3. Defendant never nominated an insurance appraiser.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 3 except as specifically admitted. Defendant admits that it has not nominated an appraiser, but reserves the right to do so under the terms and conditions of the Policy. Further, if there is an appraisal, Defendant retains the right to deny the claim.**

4. Defendant materially breached the policy by not timely nominating an insurance appraiser.

**ANSWER:** **Paragraph 4 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

5. The entire building at 4809 - 4811 N. Palafox St is covered property under the policy numbered ESC111660. (Ex. 1, filed December 10, 2024).

**ANSWER:** **Paragraph 5 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

6. The covered property has been repaired, and the amount of repairs exceeded $100,488.35 for wind damage on June 16, 2023.

**ANSWER:** **Defendant does not possess knowledge sufficient to form a belief as the truth of the allegations contained in Paragraph 6, and therefore, the same are denied.**

7. The subject policy was in effect on June 16, 2023, and provided coverage for wind damage occurring during the policy period to covered property.

**ANSWER:** **Paragraph 7 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

8. Under the Loss Payment Section, Defendant had the obligation to pay the claim according to the appraisal award within 30 days, minus the applicable deductible. (Ex. 1, filed December 10, 2024, p. 33).

**ANSWER:** **Paragraph 8 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

9. A true and accurate copy of the Appraisal Award is attached as Exhibit 1.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 9 except as specifically admitted. Defendant admits that Jon Linville and Will Schubert signed a document entitled "Appraisal Award", but Defendant denies the legal validity of said appraisal award, denies the validity of amount awarded therein, and denies that it is liable to Intervenor Plaintiff.**

10. The appraisal panel determined the amount of loss in the amount of $100,488.35, replacement cost value, with "WIND" as the cause of loss, and a date of loss of June 16, 2023.

**ANSWER:** **Paragraph 10 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

11. Defendant materially breached its policy by not fully paying the claim.

**ANSWER:** **Paragraph 11 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

12. Defendant materially breached its policy by not paying the appraisal award according to the terms of the policy.

**ANSWER:** **Paragraph 12 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

13. The applicable deductible is $5,000. (Ex. 1, filed December 10, p. 42)

**ANSWER:** Defendant denies the allegation in Paragraph No. 13.

14. Defendant materially breached its policy by not paying $100,488.35, minus the applicable deductible.

**ANSWER:** **Paragraph 14 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

15. Because of the Defendant's material breaches, Plaintiff(s) sustained damages.

**ANSWER:** **Paragraph 15 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies said allegations.**

WHEREFORE, Defendant AXIS SURPLUS INSURANCE COMPANY prays that Intervenor Plaintiff take nothing by way of its Complaint for Damages, for its costs of this action and for all other proper relief in the premises.

## JURY DEMND

Pursuant to Fed. R. Civil Procedure 38, Defendant AXIS SURPLUS INSURANCE COMPANY requests a trial by jury.

## AFFIRMATIVE DEFENSES

Defendant, AXIS Surplus Insurance Company ("Defendant"), for its Affirmative Defenses to Intervenor Plaintiff's Complaint for Damages "(Complaint"), states that by alleging these Affirmative Defenses, and by pleading in the alternative without prejudice to its answers to the Complaint, Defendant does not assume any burdens of proof or production not otherwise imposed by law, nor does Defendant waive any of its Answers to the Complaint set forth herein. Defendant reserves the right to supplement, amend, modify, add, or delete its defenses.

### FIRST AFFIRMATIVE DEFENSE

1. Defendant's liability, if any, for the loss and damage described in the Complaint is subject to and limited by all applicable terms, conditions, exclusions and limitations contained in the Policy including, but not limited to, valuing any damage to the property as of the date of loss.

### SECOND AFFIRMATIVE DEFENSE

2. At the time of the alleged occurrence, Defendant had issued the policy of insurance under which Intervenor Plaintiff seeks recovery. The obligations of the parties are contractual and are governed by the terms of the policy. Defendant reserves the right to assert any policy term or provision under the policy of insurance or under law as a defense in this cause. Defendant reserves the right to amend, revise, supplement or remove any of its affirmative defenses.

### THIRD AFFIRMATIVE DEFENSE
### (Insured Property)

3. Your insurance policy contains **Commercial Property Coverage Part Declarations Page (CP 10 30 10 12)(Page 1 of 2)** which provides the physical address(es) of the description of the premise(s) that are insured under the Policy:

## COMMERCIAL PROPERTY COVERAGE PART
## DECLARATIONS PAGE

**POLICY NO.** ESC111660    **EFFECTIVE DATE** 10/05/2022    ☐ "X" If supplemental Declarations Is Attached

**NAMED INSURED** Forza N Palafox LLC

**DESCRIPTION OF PREMISES**

| Prem. No. | Bldg. No. | Location, Construction And Occupancy |
|---|---|---|
| | | 4809 N Palafox St. Pensacola, FL 32505 |

4. The building located at 4811 N Palafox St., Pensacola, FL 32505 is not listed on the Commercial Property Coverage Part Declaration Page as an insured property under the Policy.

## FOURTH AFFIRMATIVE DEFENSE
### (Payment for direct physical loss to Covered Property due to Covered Cause of Loss)

5. Your insurance policy contains **BUILDING AND PERSONAL PROPERTY COVERAGE FORM (CP 00 10 10 12)(pg. 1 of 16)**, which states in pertinent part:

   **A. Coverages**
   We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

   **1. Covered Property**
   Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.** Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

   **a. Building,** meaning the building or structure described in the Declarations, including:
   **(1)** Completed additions;
   **(2)** Fixtures, including outdoor fixtures;
   **(3)** Permanently installed:
   **(a)** Machinery; and
   **(b)** Equipment;

6. The insurer will only pay for direct physical loss or damage to Covered Property at

the premises described in the Declarations caused by or resulting from any Covered Cause of Loss to a building.

**FIFTH AFFIRMATIVE DEFENSE**
**(Exclusion of wear and tear)**

7. Your insurance policy contains **Causes of Loss-Special Form (CP 10 30 10 12) (pgs. 1 & 3 of 10)** which provides in relevant part:

> **B. Exclusions**
>
> * * *
>
> **2.** We will not pay for loss or damage caused by or resulting from any of the following:
>
> * * *
>
> **d.** **(1)** Wear and tear;
>
> **(2)** Rust, corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
>
> **(4)** Settling, cracking, shrinking or expansion;

8. To the extent Plaintiff seeks to recover for loss and damage, Plaintiff is precluded from recovering for such loss and damage that is due to (1) Wear and Tear, and/or (2) Rust, corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself and/or (4) Settling, cracking, shrinking or expansion.

**SIXTH AFFIRMATIVE DEFENSE**
**(Leakage of water)**

9. Your insurance policy contains **Causes of Loss-Special Form (CP 10 30 10 12) (pgs. 1& 3 of 10)** which provides in relevant part:

> **B. Exclusions**
>
> * * *
>
> **3.** We will not pay for loss or damage caused by or resulting from any of the following:

* * *

  **f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of
    humidity, moisture or vapor, that occurs over a period of 14 days or more.

  10. To the extent Plaintiff seeks to recover for loss and damage, Plaintiff is precluded from recovering for such loss and damage due to continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

### SEVENTH AFFIRMATIVE DEFENSE
### (Faulty, inadequate or defective )

  11. Your insurance policy contains **Causes of Loss-Special Form (CP 10 30 10 12) (pgs. 1& 4 of 10)** which provides in relevant part:

**B. Exclusions**

* * *

  3. We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

* * *

    **c.** Faulty, inadequate or defective:

      1. Planning, zoning, development, surveying, siting;
      2. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
      3. Materials used in repair, construction, renovation or remodeling; or
      4. Maintenance; of part or all of any property on or off the described premises.

  12. To the extent Plaintiff seeks to recover for loss and damage, Plaintiff is precluded from recovering for such loss and damage that is due to faulty, inadequate or defective

workmanship, maintenance, construction or repair as described more specifically in the exclusion set forth above.

### EIGHT AFFIRMATIVE DEFENSE
### (Neglect of Insured)

13. Your insurance policy contains **Causes of Loss-Special Form (CP 10 30 10 12) (pgs. 1 & 4 of 10)** which provides in relevant part:

> **B. Exclusions**
>
> * * *
>
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> * * *
>
> m. Neglect of an insured to use all reasonable means to save and reserve property from further damage at and after the time of loss;

14. To the extent Plaintiff seeks to recover for loss and damage, Plaintiff is precluded from recovering for such loss and damage that is due to neglect of an insured to use all reasonable means to save and reserve property from further damage at and after the time of loss;

### NINETH AFFIRMATIVE DEFENSE
### (Late-filed Legal Actions Against Us)

15. Your insurance policy contains **Commercial Property Conditions Form (CP 00 90 07 88) (pg. 1 of 2)** which provides in relevant part:

> **D. Legal Action Against Us**
>
> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and

    *2.* The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

16.    Plaintiff filed this legal action on June 10, 2025 for claimed damages occurring on June 16, 2023.

17.    To the extent Plaintiff seeks to recover for loss and damage occurring before June 16, 2023, Plaintiff is precluded from recovering for such loss and damage due to its failure to commence legal action within 2 years after the loss and damage occurred.

### **TENTH AFFIRMATIVE DEFENSE**
### (Late Notice)

18.    Your insurance policy contains **Building and Personal Property Commercial Form (CP 00-10-10-12) (pgs. 10-11 of 16)** which provides in relevant part:

    **3. Duties In The Event Of Loss or Damage**

        **a.** You must see that the following are done in th event of loss or damage to covered property:

        **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

        **(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

19.    Portions of the loss and damage alleged by Plaintiff are comprised of old damage that occurred prior to and not on June 16, 2023 as claimed.

20.    Plaintiff did not give Defendant prompt notice of this old damage.

21.    Plaintiff is precluded from recovering for any loss and damage described in the Complaint to the extent such damage pre-existed the date of claimed loss and was not timely reported to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to mitigate damages)

22. Plaintiff may not recover to the extent that it failed to mitigate its damages.

## TWELFTH AFFIRMATIVE DEFENSE
### (Actual Cash Value)

23. Your insurance policy contains **Building and Personal Property Commercial Form (CP 00-10-10-12) (pg 15 of 16)** which provides in relevant part:

> **3. Replacement Cost**
>
> **d.** We will not pay on a replacement cost basis for any loss or damage:
>
> **(1)** Until the lost or damaged property is actually repairs or replaced; and
>
> **(2)** Unless the repaired or replacement is made as soon as reasonably possible after the loss or damage.

24. To the extent that Plaintiff failed to perform any damage repairs as soon as possible after the loss or damage, Plaintiff's recovery, if any, is limited to actual cash value.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Appraisal)

25. Your insurance policy contains **Building and Personal Property Commercial Form (CP 00-10-10-12) (pg. 10 of 16)** which provides in relevant part:

> **2.** Appraisal
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally

If there is an appraisal, we will still retain our right to deny the claim.

26. The Defendant has denied the claim of the Intervenor Plaintiff for lack of coverage. In the event that there is a dispute concerning value of the property or the amount of loss, Defendant reserves the right to obtain an appraisal under the Policy.

27. Defendant pleads further that the Appraisal Award, pleaded by Intervenor Plaintiff in Paragraphs 10, 16 and 17 of Intervenor Plaintiff's General Allegations, and in Paragraphs 9, 10 and 12 of Intervenor Plaintiff's Breach of Contract Count, is void and without legal effect.

28. Defendant pleads further that the Appraisal Award was obtained from the state court in the removed action by nor-party Schubert who had no standing to file his Petition for Appointment of an Umpire. Further, non-party Shubert failed to name Defendant as a party to his Petition or properly serve the cooperate officers or registered agent of Defendant under Indiana law. As a consequence, Defendant has no opportunity to object to the Petition or participate in the appraisal process that led to the Appraisal Award.

29. Therefore. Defendant reserves its right to obtain a valid appraisal under the policy.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Appraisal – Intervenor Plaintiff's violation of duty to select an impartial appraiser)**

30. Your insurance policy contains **Building and Personal Property Commercial Form (CP 00-10-10-12) (pg. 10 of 16)** which provides in relevant part:

> **2.** Appraisal
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, <u>each party will select a</u> competent and <u>impartial appraiser.</u> The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their

differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally

If there is an appraisal, we will still retain our right to deny the claim.

31. Plaintiff had a duty under the Policy to nominate an impartial appraiser. Plaintiff violated that duty by nominating Will Schubert.

32. Plaintiff nominated non-party appraiser Will Schubert, who was not impartial and demonstrated his bias against Defendant.

32. Schubert, without standing or notice to Defendant, obtained the appointment of umpire Linville from the state court in the removed action.

33. Schbert and Linville then reached an Appraisal Award without notice to or participation of Defendant outside of the terms and conditions set forth in Appraisal Section of the policy.

34. The conduct of non-party Schbert demonstrates his bias and lack of impartiality sufficient to be disqualified and void the Appraisal Award.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Limitations)**

35. Your insurance policy contains **Causes of Loss-Special Form (CP 10 30 10 12) (pgs. 1 & 6 of 10)** which provides in relevant part:

**C. Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

**1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that

is a consequence of loss or damage as described and limited in this section.

***

c.  The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

  (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters;

36. Recovery by Plaintiff, if any, is limited to damage caused only by wind-driven water intrusion.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Pre-existing Damage Exclusion)

37. Your insurance policy contains **Pre-Existing Damage Exclusion (AXIS 1011364 0218)** which provides in relevant part:

### PRE-EXISTING DAMGE EXCLUSION

38. This endorsement modifies insurance provided under the following:

   BUILDING AND PERSONAL PROPERTY COVERAGE FORM
   CONDOMINIUM ASSOCIATION COVERAGE FORM
   STANDARD PROPERTY POLICY

We will not pay for any loss or damage which:

a.  occurred prior to the inception of the policy regardless of whether such damages were apparent at the time of the inception of this policy; or

b.  occurs after the inception of this policy but arises out of workmanship, repairs or failure to repair prior to the inception of this policy

All other provisions of the policy remain unchanged.

39. Recovery by Plaintiff, if any, is limited to damage that occurred or was caused before inception of the Policy.

## SEVENTEETH AFFIRMATIVE DEFENSE
**(Windstorm percentage and dollar deductible)**

42. Your insurance policy contains **Windstorm Percentage and Dollar Amount Endorsement (AXIS 1011328 1217)(Pgs. 1-4)** which provides in relevant part:

**WINDSTORM OR HAIL PERCENTAGE AND DOLLAR DEDUCTIBLE**

This endorsement modifies insurance provided under the following:

    BUILDERS RISK COVERAGE FORM
    BUILDING AND PERSONAL PROPERTY COVERAGE FORM
    CONDOMINIUM ASSOCIATION COVERAGE FORM
    CONDOMINIUM COMMERCIAL UNIT-OWNERS COVERAGE FORM
    STANDARD PROPERTY POLICY
    TOBACCO SALES WAREHOUSES COVERAGE FORM

| SCHEDULE | | | |
|---|---|---|---|
| Premises Number | Building Number | Windstorm or Hail Deductible Percentage | Minimum Deductible Amount |
| 1 | 1 | 5% | $5,000 |

*The Declarations is amended to add the above schedule.*

The Windstorm or Hail Deductible, as shown in the Schedule and set forth in this endorsement, applies to covered loss or damage caused directly or indirectly by Windstorm or Hail. This Deductible applies to each occurrence of Windstorm or Hail.

Nothing in this endorsement implies or affords coverage for any loss or damage that is excluded under the terms of the Water Exclusion or any other exclusion in this policy. If this policy is endorsed to cover Flood under the Flood Coverage Endorsement (or if you have a flood insurance policy), a separate Flood Deductible applies to loss or damage attributable to Flood, in accordance with the terms of that endorsement or policy.

As used in this endorsement, the terms "specific insurance" and "blanket insurance" have the following meanings: Specific insurance covers each item of insurance (for example, each building or personal property in a building) under a separate Limit of Insurance. Blanket insurance covers two or more items of insurance (for example, a building and personal property in that building, or two buildings) under a single Limit of Insurance. Items of insurance and corresponding Limit(s) Of Insurance are shown in the Declarations.

43. The deductible that may be paid by Intervenor Plaintiff in the event that it is determined by Defendant that coverage exists for Intervenor Plaintiff's windstorm claim may be

based on a 5% deductible percentage rather than the minimum deductible of $5,000.

WHEREFORE, Defendant AXIS SURPLUS INSURANCE COMPANY prays that Intervenor Plaintiff take nothing by way of its Complaint for Damages, for its costs of this action and for all other proper relief in the premises.

### **JURY DEMND**

Pursuant to Fed. R. Civil Procedure 38, Defendant AXIS SURPLUS INSURANCE COMPANY requests a trial by jury.

Respectfully submitted,

*/s/ Howard J. Pikel*
Howard J. Pikel

Matthew S. Ponzi (mponzi@fgppr.com)
Howard J. Pikel (hpikel@fgppr.com)
Foran Glennon Palandech Ponzi & Rudloff, P.C.
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099
*Attorneys for AXIS Surplus Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025 a copy of the above document was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk).

/s/ Howard J. Pikel
Howard J. Pikel

**Attorney for Plaintiff FORZA 4809 N PALAFOX ST LLC**
William D. Beyers, #28466-49
BUCHANAN & BRUGGENSCHMIDT, P.C.
80 E. Cedar St.
Zionsville, Indiana 46077
Telephone: (317) 873-8396
Facsimile: (317) 873-2276
bbeyers@bbinlaw.com

**Attorney for Plaintiff Will Schubert**
Matthew D. Draving
Law Office of Matthew D. Draving
8777 Purdue Road
Suite 106
Indianapolis, Indiana 46268
Telephone: (317) 418-0844
Mdravinglaw@outlook.com