IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILL SCHBERT, PLAINTIFF | )     1:25-cv-01421-JPH-TAB |
| IN RE: STORM LOSS FOR <br> FORZA N PALAFOX ST LLC | ) <br> ) <br> ) |
| And | ) |
| FORZA 4809 N PALAFOX ST LLC | ) |
|     Intervenor Plaintiff | ) |
| v. | ) |
| AXIS SURPLUS INSURANCE COMPANY | ) |
|     Defendant. | ) |

### AXIS SURPLUS INSURANCE COMPANY'S MOTION TO DISMISS WILL SCHUBERT'S PETITION FOR APPOINTMENT OF UMPIRE

AXIS SURPLUS INSURANCE COMPANY ("AXIS"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1), moves for entry of an order dismissing Petitioner Will Schubert's ("Schubert") Petition For Appointment of Umpire, and in support thereof, states:

### INTRODUCTION

This is a first-party property insurance case. The insured/policyholder is "Intervenor Plaintiff" FORZA 4809 N PALAFOX ST LLC ("Plaintiff"). The insurance company is defendant AXIS.

Plaintiff issued a Notice of Loss on June 16, 2023 claiming water intrusion damage to its commercial warehouse located at 4809 N. Palafox St., Pensacola, Florida. Plaintiff alleged that wind-driven rain entered under sheet metal roofing panels that were lifted up by high winds.

Pursuant to its investigation by its engineer EFI, AXIS and its third-party administrator North American Risk Co. denied Plaintiff's claim on March 27, 2024. Their investigation revealed that no sheet metal panels were disrupted, and that the metal roof had old pre-existing leaks.

On September 11, 2024, Plaintiff filed a Petition for Appointment of Umpire in Shelby County, Indiana Circuit Court. Plaintiff served Defendant with its petition. Plaintiff dismissed its petition without prejudice on October 15, 2024 after AXIS timely removed the case to this Court on October 10, 2024 under Cause No. 1:24-cv-01802.

On December 10, 2024, Plaintiff's appraiser and non-party Will Schubert filed a Petition for Appointment of Umpire ("Schubert's Petition"). Schubert did not name AXIS as a defendant, and he failed to properly serve the AXIS corporate officers or registered agent required under Indiana Trial Rule 4.6(a).

On January 15, 2025, Schubert obtained an Order from the state court appointing Jon Linville as Umpire. Umpire Linville and Plaintiff's appraiser Schbert then issued an Appraisal Award on May 2, 2025 for over $100,000, without the knowledge or participation of AXIS.

Plaintiff intervened in Schubert's Petition on June 10, 2025 by filing its Complaint for Damages seeking to enforce the subject appraisal award against AXIS. AXIS was served with Plaintiff's Complaint and timely filed its Notice of Removal to this Court on July 16, 2025.

Schubert's Petition should be dismissed because Schubert did not have standing to file his Petition. Shubert also obtained the Appointment of Umpire of Jon Linville, and issued and Appraisal Award with Umpire Linville and without the knowledge or participation of AXIS in violation of appraisal process set forth in the Policy.

# FACTUAL BACKGROUND

AXIS issued a property insurance Policy to Forza 4809 N Palafox St LLC on October 5, 2022. The Policy listed the insured property as 4809 N. Palafox St., Pensacola, Florida.

## Plaintiff's Notice of Loss issued on June 16, 2023

Plaintiff served its Notice of Loss on June 16, 2023 claiming that it sustained water intrusion damage during a windstorm that occurred on June 16, 2023. Plaintiff claimed that the water intrusion was caused by wind-driven water that entered the building when some sections of the metal roof were elevated due to high winds, allowing entry of the water. Plaintiff claimed that weather reports showed high speed winds and strong rain showers in the area on June 16, 2023.

AXIS through their engineer EFI, investigated the claim and property. AXIS determined that the claimed water intrusion was due wear and tear, and pre-existing holes and cracks the building's metal roof. AXIS, through its Third-party administrator North American Risk Services ("NAR"), issued a coverage denial letter on March 27, 2024.

## Plaintiff Forza's 1st Petition to Appoint an Umpire filed on September 10, 2024

On September 11, 2023, Plaintiff Forza filed its Petition for Appointment of Umpire in Shelby County Indiana Circuit Court. *See* **Exhibit A**, Plaintiff's Petition) Plaintiff served AXIS with its petition on September 17, 2025. AXIS timely removed the petition to this Court on October 10, 2023. Plaintiff dismissed its Petition for Appointment of Umpire without prejudice on October 15, 2024.

## Non-party Shubert's Petition for Appointment of Umpire filed on December 10, 2024

On or about December 2024, Plaintiff Forza allegedly hired Will Schubert to serve as its appraiser. On December 10, 2025, Shubert filed his Petition in Shelby Circuit Court, Shelby County, Indiana, Case No. 73C01-2412-MI- 000073, captioned *In Re: Storm Loss For Forza N*

Cause No. 1:25-cv-01421-JPH-TAB
Page **3** of **12**

*Palafox St LLC* (the "State Court Action"), titled "Plaintiff's Petition for Appointment of Umpire" ("Petition").

Schubert's Petition, attached as **Exhibit B** does not name AXIS as a defendant, does not assert any claims against AXIS, and does not seek any damages or other relief from or against AXIS. Schubert sought only the appointment of an appraisal umpire.

**Schbert failed to properly serve AXIS**

Schubert did not properly serve AXIS' executive officer or registered agent with his Petition. Rather, Schubert served AXIS' Claims Administrator. .

**Appointment of Umpire and Appraisal Award**

On January 15, 2025, the state court granted Schubert's Petition and ordered that Jon Linville be appointed as umpire, and further that Mr. Linville, but not AXIS, be notified of his appointment as umpire.

On May 25, 2025, Plaintiff's appraiser Schubert and Umpire Linville, without notice or participation of Defendant, issued their Appraisal Award.

**Lawsuit of Intervenor Plaintiff Forza**

On June 4, 2025, Forza moved to intervene in Schubert's State Court Action and filed a new complaint naming AXIS as a defendant. On June 9, 2025, the trial court in Schubert's State Court Action granted Forza's motion to intervene.

On June 10, 2025, Forza filed into Schubert's State Court Action a document titled "Intervenor's Complaint for Damages" (hereinafter "Forza's Complaint")

Forza's Complaint alleges that Schubert, as Forza's Appraiser, and Linville as the court-appointed umpire, signed an appraisal award on May 2, 2025 for $100,488.35.

**AXIS' receipt of Plaintiff's Complaint and Removal**

AXIS received Forza's Summons and Complaint and on June 24, 2025, though it was directed to "Claims Administrator" as opposed to an executive officer or registered agent and, as such, was not properly served on AXIS either.

AXIS timely filed its Notice of Removal under 28 U.S.C. § 1446(b)(1) and (2)(B) within thirty (30) days after AXIS' receipt of Forza's Complaint on June 24, 2025. Regardless of any service of process issues, AXIS was not named as a defendant in Case No. 73C01-2412-MI-000073 until Forza's Complaint was filed on June 10, 2025.

## LEGAL STANDARD

A motion to dismiss for want of standing is properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter. *See St. Thomas–St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands,* 218 F.3d 232, 240 (3d Cir.2000).

A motion to dismiss for lack of standing is a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Scanlan v. Eisenberg,* 669 F.3d 838, 841–42 (7th Cir.2012). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject matter jurisdiction exists. *Lee v. City of Chicago,* 330 F.3d 456, 468 (7th Cir.2003) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

To establish standing, a plaintiff must show (**1**) "that [s]he has suffered or likely will suffer an injury in fact," (2) "that the injury likely was caused or will be caused by the defendant," and (3) "that the injury likely would be redressed by the requested judicial relief." *Food & Drug Admin. v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 380, 144 S.Ct. 1540, 219 L.Ed.2d 121

(2024) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

## ARGUMENT

1. **Non-party Matt Schbert's Petition for Appointment of Umpire should be dismissed due to his lack of standing.**

A. **Choice of state law regarding standing**

The insurance policy at issue does not have a choice of law clause. "Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (citation omitted). Thus, Indiana's choice of law rules apply.

Indiana's choice of law rule for contract actions calls for applying the law of the forum with the most intimate contacts to the facts." *Nautilus Ins. Co. v. Reuter*, 537 F.3d 733, 737 (7th Cir. 2008). For property insurance contracts, the location of the insured property is given the most weight. *Illinois Nat. Ins. Co. v. Temian*, 779 F. Supp. 2d 921, 924 (N.D. Ind. 2011). Here, the location of the insured property is in Florida, the Policy was issued to Forza at a Florida mailing address, expressly states that it was issued under Florida's Surplus Lines Laws, and designates agents for service of process in Florida. *See* Policy, **Ex. K** at pp.18-19, 23-24, 34. Therefore, under Indiana's choice of law rules, Florida substantive law will apply to this action.

B. **Non-party Schubert did not have standing to file his Petition for Appointment of Umpire under Florida or Indiana law.**

Under Florida law, a "real party in interest" is "the person in whom rests, by substantive law, the claim sought to be enforced." *Kumar Corp. v. Nopal Lines, Ltd.*, 462 So. 2d 1178, 1183 (Fla. Dist. Ct. App. 1985) (citation omitted).

Florida law provides, "[u]nless a person is a party to a contract, that person may not sue for

breach of that contract where the non-party has received only an incidental or consequential benefit of the contract." *Biscayne Inv. Group, Ltd. v. Guarantee Mgmt. Services, Inc.*, 903 So. 2d 251, 254 (Fla. Dist. Ct. App. 2005). "The exception to this rule is where the entity that is not a party to the contract is an intended third party beneficiary of the contract." *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1031 (Fla. Dist. Ct. App. 1994) (citation omitted).[1]

In this case, the only parties to the insurance policy are Forza and AXIS. Schubert is not a contracting party. Accordingly, Schubert lacks standing to sue AXIS to enforce the insurance policy unless **_Schubert can show_** he is an intended third-party beneficiary of the policy.

Florida law provides further that, "[a] cause of action for breach of contract brought by a third party beneficiary must include the following allegations: 1) the existence of a contract, 2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party, 3) breach of the contract by a contracting party, and 4) damages to the third-party resulting from the breach.

A non-party is the specifically intended beneficiary only if the contract clearly expresses an intent to primarily and directly benefit the third party or a class of persons to which that party belongs. To find the requisite intent, it must be established that the parties to the contract actually

---

[1] The law is the same in Indiana. *See Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind. Ct. App. 2001) ("A third party does not have the right to sue under a contract merely because he may derive an incidental benefit from the performance of the promisor. Rather, to enforce a contract by virtue of being a third-party beneficiary, **_the third-party beneficiary must show_**: (1) A clear intent by the actual parties to the contract to benefit the third party; (2) A duty imposed on one of the contracting parties in favor of the third party; *and* (3) Performance of the contract terms is necessary to render the third party a direct benefit intended by the parties to the contract." (citations omitted) (emphasis added).

and expressly intended to benefit the third party; it is not sufficient to show only that one of the contracting parties unilaterally intended some benefit to the third party." *Biscayne Inv. Group, Ltd.*, 903 So. 2d at 254 (internal citations omitted).

In this case, Schubert's Petition fails to allege that he is an intended third-party beneficiary of the insurance contract between Forza and Axis. Schubert's Petition does not allege that AXIS breached any contract. Schubert's Petition does not name AXIS as a defendant, and does not seek to compel AXIS to participate in the appraisal process. Schubert's Petition does not assert any claims, nor seek any damages or other relief, against AXIS. *See* Schubert's Petition, **Ex. B**, at pg. 8 ("WHEREFORE, the Appraiser Will Schubert requests that the Court nominate either Michael Abell, Kevin McCarthy, or Jon Linville as umpire.").

Moreover, at least one court has specifically found that appraisers in Schubert's position—meaning an appraiser nominated by a policyholder or insurance company under a policy's appraisal provision—are not intended third-party because a policy's appraisal provision exists to benefit the insured and insurer, not the people they may nominate as an appraiser. *See Matter of Appraisal of Church Mut. Claim No. 1171752 v. Paul Quinn AME Church*, A-13-CA- 079-SS, 2013 WL 12093756, at *2 (W.D. Tex. Aug. 30, 2013) (finding that appraisers lacked standing to sue for the appointment of an umpire under an identical insurance contract appraisal provision because the "umpire-appointment provision is not intended to benefit the appraisers" but rather only the parties to the insurance policy).

In conclusion, Schubert does not have standing to enforce Forza's insurance contract with AXIS, and does not even seek to enforce any contractual provision against AXIS. Shubert is not a real party to the controversy between Forza and AXIS and, consequently, to the extent that Schubert is attempting to assert Forza's contractual rights against AXIS under the insurance policy,

he lacks standing to do so unless Schubert is a "'real party in interest.'" *Am. Nat. Bank & Tr. Co. of Chicago v. Weyerhaeuser Co.*, 692 F.2d 455, 459 (7th Cir. 1982) (quoting Fed.R.Civ.P. 17(a)). To determine Shubert's standing as the real party in interest, a trial court must look to the applicable state substantive law. *Id.*

To establish standing under FRCP 12(b)(1), a plaintiff must show (**1**) "that [s]he has suffered or likely will suffer an injury in fact," (2) "that the injury likely was caused or will be caused by the defendant," and (3) "that the injury likely would be redressed by the requested judicial relief." *Food & Drug Admin. v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 380, 144 S.Ct. 1540, 219 L.Ed.2d 121 (2024) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

It is clear that Schubert cannot satisfy any of the three requirement under FRCP 12(b)(1). Because Schubert dies not have standing, his Petition for Appointment of Umpire should be dismissed. Additionally, the Appointment of Umpire Jon Linville and the issuance of the Appraisal Award by Schubert and Linville are the direct product of Schubert's invalid Petition. The appointment of Jon Linville as Umpire and the Appraisal Award should stricken because they are solely the result of Schbert's Petition.

2. **<u>Schubert's Petition, the Appointment of Umpire Linville and the Appraisal Award violate of the terms of the Appraisal provision of the Policy</u>**

The Appraisal provisions of the Policy provides:

**2. Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.

The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

The terms and conditions for the appraisal process under the Policy clearly assume and contemplate that the parties will provide notice to each other of any filings. While Plaintiff served AXIS with its Petition for Appointment of Umpire filed on September 10, 2024, Schubert specifically avoided notice to AXIS when he filed his Petition on December 10, 2024, and failed to properly serve the corporate officers or registered agent of AXIS. Schubert did not name AXIS as a defendant in his Petition, nor did he provide notice to AXIS of the appointment of Umpire Linville or issuance of the Appraisal Award. The conduct of Schbert clearly is inconsistent and violated the terms and conditions of the of the policy appraisal provisions. Accordingly, the Court should dismiss Schubert's Petition, the Appointment of Umpire Linville and the Appraisal Award should be stricken as well.

## **CONCLUSION**

WHEREFORE, Defendant AXIS SURPLUS INSURANCE COMPANY respectfully requests that the Court issue an Order dismissing the Petition of Matt Schubert for Appointment of Umpire and strike the appointment of Jon Linville as umpire, and strike the Appraisal Award issued by Matt Schubert and Jon Linville. Defendant requests such other relief as the Court deems just.

Respectfully submitted,
                                                             /s/ *Howard J. Pikel*
                                                            Howard J. Pikel

Matthew S. Ponzi (mponzi@fgppr.com)
Howard J. Pikel (hpikel@fgppr.com)
Foran Glennon Palandech Ponzi & Rudloff, P.C.
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099
*Attorneys for AXIS Surplus Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025 a copy of the above document was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk).

*/s/ Howard J. Pikel*
Howard J. Pikel

**Attorney for Plaintiff FORZA 4809 N PALAFOX ST LLC**
William D. Beyers, #28466-49
BUCHANAN & BRUGGENSCHMIDT, P.C.
80 E. Cedar St.
Zionsville, Indiana 46077
Telephone: (317) 873-8396
Facsimile: (317) 873-2276
bbeyers@bbinlaw.com

**Attorney for Plaintiff Will Schubert**
Matthew D. Draving
Law Office of Matthew D. Draving
8777 Purdue Road
Suite 106
Indianapolis, Indiana 46268
Telephone: (317) 418-0844
Mdravinglaw@outlook.com