UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILL SCHUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| IN RE: STORM LOSS FOR | ) | |
| FORZA 4809 N PALAFOX ST LLC, | ) | No. 1:25-cv-01421-JPH-TAB |
| | ) | |
| And | ) | |
| | ) | |
| FORZA 4809 N PALAFOX ST LLC, | ) | |
| | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AXIS SURPLUS INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFFS' JOINT MOTION TO REMAND
AND GRANTING LEAVE TO AMEND**

Plaintiff Forza 4809 N Palafox St LLC ("Forza") hired Plaintiff Will Schubert to appraise storm damage to one of its properties. Mr. Schubert filed an action in Indiana state court for appointment of an insurance umpire. Forza intervened, alleging breach of contract against the insurer, Axis Surplus Insurance Company ("Axis"). Axis removed the case to this Court. Forza and Mr. Schubert have each filed motions to remand. Dkt. [15]; dkt. [17]. For the reasons below, those motions are **DENIED**. Forza has also filed a motion to amend its complaint, and that motion is **GRANTED**. Dkt. [37].

# I.
# Facts and Background

On June 16, 2023, Forza sustained wind damage to its commercial property.  Dkt. 1 at 7; dkt. 1-8 at 3.  Forza filed a claim for the damages with its insurer, Axis, but they could not agree on the extent and cause of the damage.  Dkt. 1-8 at 3; dkt. 1-2 at 2.  In the event of a coverage dispute, the policy requires an independent appraisal:

> If we or you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally
>
> If there is an appraisal, we will still retain our right to deny the claim.

Dkt. 1-2 at 41.

Forza nominated Will Schubert as its appraiser.  Dkt. 1-8 at 4.  Forza alleges that Axis failed to appoint an independent appraiser.  *Id.* at 3.  Mr. Schubert then filed a Petition to Appoint an Insurance Umpire in Shelby Circuit Court in December 2024.  *Id.*; dkt. 1-2.  The Petition, though not naming Axis as a party, was served on Axis later that month.[1]  Dkts. 1-2, 1-4. On January 15, 2025, the Shelby Circuit Court appointed Jon Linville to serve as the insurance umpire.  Dkt. 1-8 at 4.

---

[1] The parties dispute whether service was proper, *see* dkt. 16 at 9; dkt. 25 at 9, but as explained below, that issue is immaterial to the resolution of the present motions.

On May 2, 2025, Mr. Linville and Mr. Schubert signed an appraisal award in the amount of $100,488.35 for the wind damage. *Id.*; dkt. 1-6 at 6. When Axis failed to pay that award within 30 days, Forza filed an unopposed motion to intervene in the Shelby County case. Dkt. 1-6 at 10. That motion was granted, dkt. 1-7, and in July 2025, Forza filed a complaint in that case alleging breach of contract against Axis, dkt. 1-8.

Axis removed the case to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. Axis is an Illinois corporation headquartered in Georgia. Dkt. 4. Forza is a limited-liability corporation, and all of its members are Indiana citizens, making Forza an Indiana citizen. Dkt. 1-8 at 2. Mr. Schubert, the independent appraiser, is also an Illinois citizen. Dkt. 1-2 at 3.

Forza filed a motion to remand, dkt. 15, and Mr. Schubert has moved to join that motion, dkt. 17. Mr. Schubert's motion to join is **GRANTED**, dkt. [17], and the Court thus considers Forza's motion to remand as a joint motion.

## II.
## Legal Standard

Federal courts are courts of limited jurisdiction. To hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and

costs, and the litigation must be between citizens of different states.  28 U.S.C. § 1332(a).  Diversity jurisdiction requires that diversity of citizenship be "complete."  *Howell by Goerdt v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) ("[N]one of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen.").

For actions removed to federal court, subject-matter jurisdiction must exist at the time of filing and removal.  *Altom Transp., Inc. v. Westchester Fire Co.*, 823 F.3d 416, 420 (7th Cir. 2016).  If at any time the court lacks subject-matter jurisdiction, "the case shall be remanded."  28 U.S.C. § 1447(c). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur v. L.A. Weight Loss Centers Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).  The removing party has the burden of establishing jurisdiction.  *Id.*

### III.
### Analysis

Forza argues that this case must be remanded because the parties are not diverse and the removal was untimely, and under the *Rooker–Feldman* doctrine.  Dkt. 16.

### A. Diversity of citizenship and nominal party

While Mr. Schubert and Axis are both Illinois citizens, Axis's notice of removal alleged that the Court has diversity jurisdiction because Mr. Schubert is a nominal party.  Dkt. 1 at 5–6.  A court must disregard nominal parties when assessing whether complete diversity exists.  *Jimenez v. Kiefer*, 100 F.4th 931, 936 (7th Cir. 2024) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461

(1980)).  A nominal party has no real interest in the litigation, and it makes no difference to them whether one party or the other succeeds.  *See id.*  When the real controversy is between citizens of different states, but another party "was joined only as designated performer of a ministerial act," the Court will disregard that party as nominal.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92 (2005) (citing *Walden v. Skinner*, 101 U.S. 577, 589 (1879)).

Plaintiffs argue that Mr. Schubert is not a nominal party because vacating the umpire appointment would affect his interests by requiring him to restart the process, pay a new filing fee, and waste time and effort.  Dkt. 16 at 8.  Axis responds that Mr. Schubert has no real interest in the dispute because his participation is limited to "purely formal functions," he is not a party to the insurance contract, and he cannot be made personally liable for costs as an appraiser.  Dkt. 25 at 6–8.

Under the insurance policy's Appraisal Clause, Mr. Schubert's interests would not be harmed if the umpire appointment were vacated.  Dkt. 16 at 8; dkt. 27 at 3.  That clause specifies that the appraiser is not responsible for the costs incurred because "[e]ach party will . . . [p]ay its chosen appraiser; and . . . [b]ear the other expenses of the appraisal and umpire equally."  Dkt. 1-2 at 41.  The policy would therefore require that Mr. Schubert be compensated for his time and reimbursed for any costs if he were required to file another petition.  *Id.*  Mr. Schubert is therefore an impartial appraiser with no stake in the outcome of this litigation.  *See Cherif*, 933 F.3d at 414; *Sprogis v. United Air Lines, Inc.*, 517 F.2d 387, 390 (7th Cir. 1975).  And his role in this case was the

purely "ministerial act" of filing the petition for appointment of an umpire under the policy, which advanced Forza's interests rather than his own. *Golin v. Neptune Mgmt. Corp.*, 704 Fed. App'x 591, 594 (7th Cir. 2017) (unpublished) (citing *Walden*, 101 U.S. at 589). For these reasons, Mr. Schubert is a nominal party whose citizenship must be disregarded in determining diversity jurisdiction.

The parties' arguments about whether Mr. Schubert has "contractual standing" because the policy gave him authority to petition for an umpire appointment does not affect that conclusion. *See* dkt. 16 at 6–7; dkt. 27 at 2–3. That ministerial authority does not make Mr. Schubert a party or third-party beneficiary to the insurance policy. Dkt. 25 at 7. He therefore was not injured by Forza's property damage or Axis's claim denial, leaving him with no real interest in the insured property or any insurance payment. *See Navarro*, 446 U.S. at 461.

Mr. Schubert is a nominal party, so his citizenship is disregarded, leaving complete diversity between Forza and Axis and jurisdiction under 28 U.S.C. § 1332.

### B. Timeliness of removal

Plaintiffs next argue that Axis's removal was untimely because it was filed more than 30 days after Mr. Schubert filed his Petition for Appointment of Umpire in the state court. Dkt. 16 at 4. They contend that Axis knew the Petition was removable at that point because Axis previously removed another umpire petition in this dispute in a different judicial proceeding. Dkt. 27 at 2

(citing 1:24-cv-1802-TWP-TAB, dkt. 1 (S.D. Ind. Oct. 10, 2024)).  Axis responds

that the Petition did not seek monetary damages or name Axis as a party, so its

removal based on Forza's Complaint for Damages was timely.  Dkt. 25 at 4.

"The rules of procedure provide two different removal windows" when an

action is filed in state court.  *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 820

(7th Cir. 2013).  First, if the case may be removed based on the initial pleading,

the notice of removal must be filed "within 30 days after receipt by the

defendant, through service or otherwise, of a copy of the initial pleading."[2]  28

U.S.C. § 1446(b)(1).  Second, "if the case stated by the initial pleading is not

removable, a notice of removal may be filed within thirty days after receipt by

the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or other paper from which it may *first be ascertained* that the

case is one which is or has become removable."  28 U.S.C. § 1446(b)(3)

(emphasis added).

"[T]he 30-day removal clock is triggered only by the defendant's receipt of

a pleading or other litigation paper facially revealing that the grounds for

removal are present."  *Walker*, 727 F.3d at 823–24.  The document must

"affirmatively and unambiguously" present the prerequisites for removal.  *Id.* at

824.  The Court's inquiry is limited to the particular document in question and

does "not involve a fact-intensive inquiry about what the defendant subjectively

knew or should have discovered."  *Id.* at 825.

---

[2] If the initial pleading does not have to be served, the 30-day clock begins at service of summons.  28 U.S.C. § 1446(b)(3).

Here, the Petition sought only appointment of an insurance umpire. Dkt. 1-2 at 2–4 ("[A]n umpire appointment by this Court is necessary under the appraisal clause in the contract."); dkt. 16 at 8–9. Plaintiffs did not seek any monetary damages from Axis in the Petition. *See* dkt. 1-2. In fact, the Petition conditioned Forza's ability to seek monetary damages, stating "[i]f there was no wind damage, then the appraiser panel will not award anything." *Id.* at 8 (Pet. at ¶ 27). The Petition therefore did not "facially reveal[ ]" that the amount in controversy required for removal was met. *Walker*, 727 F.3d at 823–24. The amount in controversy is not determined by Axis's subjective knowledge of the damages from prior, separate proceedings, but instead by what damages are unambiguously sought in the current pleadings. *See id.*; *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 698–99 (7th Cir. 2022).

Axis therefore was not required to remove the case within 30 days of the Petition. *See Walker*, 727 F.3d at 824–25. Plaintiffs make no other argument that removal was untimely, so remand is not warranted on this basis.[3]

### C. *Rooker-Feldman* doctrine

Plaintiffs argue that Axis seeks to relitigate the state court's umpire appointment and subsequent insurance appraisal in violation of the *Rooker-Feldman* doctrine. Dkt. 16 at 10–11; dkt. 27 at 4–5. Axis argues that applying the *Rooker-Feldman* doctrine is improper because there is no state court final judgment. Dkt. 25 at 13.

---

[3] Because the Court concludes that removal was timely, it does not reach Axis's additional argument that inadequate service further delayed the permissible time to remove this action. Dkt. 25 at 9–12.

The *Rooker-Feldman* doctrine stems from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  In each case, the plaintiffs lost in state court and sought review of their unfavorable judgments in federal court.  *Rooker*, 263 U.S. at 414–15; *Feldman*, 460 U.S. at 468.  The Supreme Court established in those cases that "lower federal courts" may not "review and modify or reverse a state-court judgment."  *MedLegal Sols., Inc. v. Premium Healthcare Sols., LLC*, 166 F.4th 657, 670 (7th Cir. 2026).  The doctrine is therefore confined to "cases brought by state-court losers" seeking "district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, a state court has not rendered a judgment against Axis, so *Rooker–Feldman* does not apply.  *See Exxon Mobil Corp.*, 544 U.S. at 284.  Other courts have similarly held that an insurance umpire appointment is not a final judgment.  *See Camden Fire Ins. Ass'n v. KML Sales, Inc.*, 99 Fed. App'x 367, 368 (3d Cir. 2004) (unpublished); *Allstate Ins. Co. v. Jackson*, No. 1:18-cv-389, 2019 WL 450703 at *3 (N.D. Ind. Feb. 4, 2019); *GuideOne Mut. Ins. Co. v. First United Methodist Church of Hereford*, No. 2:18-cv-140, 2019 WL 6970762 at *3–4 (N.D. Tex. Nov. 1, 2019), *report and recommendation adopted*, 2019 WL 6915687 (N.D. Tex. Dec. 19, 2019).  Because this case does not fall within the

*Rooker-Feldman* doctrine, remand on that basis is improper.  *See Exxon*, 544 U.S. at 291–92.[4]

\*      \*      \*

Plaintiffs' motions to remand are therefore **DENIED**.  Dkt. [15]; dkt. [17].

## IV.
## Motion for Leave to Amend

In August 2025, Axis filed a motion to dismiss the Petition for Appointment of Umpire under Federal Rule of Civil Procedure 12(b)(1).  Dkt. 18.  In December 2025, while that motion was pending, Forza filed a motion to amend its complaint, seeking to add a claim for breach of good faith and fair dealing.  Dkt. 37.  That motion was timely filed in accordance with the parties' case management plan.  Dkt. 24 at 10.  Axis opposes the motion to amend, arguing that the claim is premature under Florida law and attempts to raise a claim that Forza, as an intervening party, is not permitted to add.  Dkt. 41.

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave [to amend] when justice so requires."  *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015).  A motion to amend is futile, however, "if the proposed amendment fails to cure the deficiencies in the original pleading, or could not survive a second motion to dismiss."  *Crestview Vill. Apartments v. U.S. Dep't of Hous. And Urban Dev.*, 383 F.3d 552,

---

[4] The parties dispute which state substantive law applies to this action.  Dkt. 16 at 5–6; dkt. 25 at 5–6; dkt. 27 at 2.  However, the Court need not resolve that issue here and declines to do so.  The parties remain free to raise those arguments at a later stage.

558 (7th Cir. 2004).  But "[s]uch cases of clear futility at the outset of a case are rare" and "[a]mendment should be refused only if it appears to a certainty that plaintiff cannot state a claim."  *Runnion*, 786 F.3d at 519.

Forza sought leave to amend in accordance with the case management plan deadlines, instead of risking a finding of "undue delay and unfair prejudice" by waiting for a ruling on the motion to dismiss.  *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 348 (7th Cir. 2018); *see Fosnight v. Jones*, 41 F.4th 916, 924–25 (7th Cir. 2022).  Axis's futility argument regarding the Amended Complaint would be reviewed under Federal Rule of Civil Procedure 12(b)(6), which is the same standard that will apply if Forza is granted leave to amend and Axis raises its argument in a motion to dismiss.  *See Nowlin v. Prtizker*, 34 F.4th 629, 635 (7th Cir. 2022).  Similarly, if Axis believes that it is appropriate, it may include its arguments in support of its prior motion to dismiss under Rule 12(b)(1) in any motion to dismiss the amended complaint. *See* dkt. 18.  For these reasons, "applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure" that this case "will be decided justly and on [its] merits."  *Runnion*, 786 F.3d at 520; *see Saint Anthony Hosp. v. Eagleson*, 40 F.4th 492, 517–18 (7th Cir. 2022).

Forza's motion for leave to amend is therefore **GRANTED**.  Dkt. [37]. Forza **must file** its Amended Complaint, dkt. 35-1, **by March 27, 2026**.  Axis's pending motion to dismiss is **denied without prejudice** to refiling in response to the amended complaint.  Dkt. [18].

**V.**

**Conclusion**

Plaintiffs' motions to remand are **DENIED**.  Dkt. [15]; dkt. [17].  Forza's motion to amend is **GRANTED**.  Dkt. [37].  Forza must file its amended complaint **by March 27, 2026**.  Axis's prior motion to dismiss is **DENIED without prejudice**.  Dkt. [18].

**SO ORDERED.**

Date: 3/13/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel